FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO CHAVEZ, individually and on behalf of all others similarly situated; ZANETTA TADDESSE-BONSIGNORE, individually and on behalf of all others similarly situated; VINCENT BONSIGNORE, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>NESTLE USA, INC., a Delaware Corporation,<br><br>          Defendant - Appellee. | No. 11-56066<br><br>D.C. No. 2:09-cv-09192-GW-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 12, 2013
Pasadena, California

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellants challenge the district court's dismissal of their claims under California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL").  We affirm in part, reverse in part, and remand.

The district court correctly dismissed Appellants' claims regarding Juicy Juice Immunity.  Appellants must show that members of the public are likely to be deceived by the labels and advertising at issue, and there is simply nothing false, deceptive, or misleading about the challenged Juicy Juice Immunity materials.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008).

On the other hand, Appellants' allegations regarding Juicy Juice Brain Development will support viable FAL and UCL fraudulent business practices claims.[1]  Construing the averments of fact in Appellants' favor, *see id.* at 937, they have adequately pled that "members of the public are likely to be deceived" by the Juicy Juice Brain Development labeling and advertisements.  *Id.* at 938 (internal quotation marks and citations omitted).  Appellants' complaint, which must be taken as true, *id.* at 937, includes: the product name; the product labels and advertisements that induced Appellants' reliance; and the allegation that the product actually contains very small amounts of the touted ingredient, DHA.

---

[1] While Appellants' complaint also cited "unfair" and "unlawful" theories of UCL liability, they have waived any challenge to the district court's dismissal of those claims.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Dodd v. Hood River Cnty.*, 59 F.3d 852, 863 (9th Cir. 1995); *City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010).

Appellants then plead that in order to obtain enough DHA from the Juicy Juice to promote potential brain development, young children need to consume an impractical and extremely high quantity of juice—more than a bottle's worth each day.  These allegations, combined with Appellants' claims of "injury in fact" and "lost money or property" resulting from the misrepresentations, *see Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011); *In re Tobacco II Cases*, 207 P.3d 20, 29-32 & n.8 (Cal. 2009), are adequate to state a claim under *Williams*.

The primary jurisdiction doctrine did not provide an alternative basis for dismissing the Juicy Juice Brain Development claims.[2]  Where, as here, the doctrine is invoked at the motion to dismiss stage, the question is "whether the complaint plausibly asserts a claim that would *not* implicate the doctrine." *County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1252 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 1342 (2011).  Appellants' claims do not necessarily implicate primary jurisdiction, and the FDA has shown virtually no interest in regulating DHA in this context.

The parties shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] A district court's invocation of the primary jurisdiction doctrine is reviewed *de novo*.  *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1364 n.15 (9th Cir. 1987).