FILED

MAR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Chavez v. Nestle, Inc., 11-56066

KLEINFELD, Circuit Judge, dissenting:

I respectfully dissent and would affirm dismissal of all claims.

Despite three iterations of the complaint, appellants have not pleaded any false statement. They plead that the advertisements suggesting that the additives in Juicy Juice are good for children are "likely to deceive" the public. Under Twombly and Iqbal, particularly since Federal Rule of Civil Procedure 9(b) applies, more than that conclusory claim is necessary.[1] The complaint does not suggest that anything in Juicy Juice is bad for children's brain development, just that "the scientific evidence is mixed" as to whether DHA (an omega-3 fatty acid, and one of the nutrients in fish oil capsules) is beneficial to children. They also allege that Nestle has not substantiated the benefit by scientific proof, and that a child would have to drink more than a quart a day of Juicy Juice to get the recommended daily allowance of DHA.

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).

1

Under <u>National Council Against Health Fraud, Inc. v. King Bio Pharmeceuticals, Inc.</u>, "[p]rivate plaintiffs are not authorized to demand substantiation for advertising claims."[2] There is nothing in Nestle's ads that says all a child needs is a few ounces of Juicy Juice a day for maximum brain development. The ads say the opposite: "Juicy Juice Brain Development . . . [is an] *additional resource* for parents to incorporate much needed nutrients into their child's diet."[3]

We held in <u>Williams v. Gerber Products Co.</u> that plaintiffs must plead facts to show that a "reasonable consumer" is "likely to be deceived" by the advertising alleged to be violative of the statutes at issue.[4] Under <u>Twombly</u> and <u>Iqbal</u>, such a claim must be at least "plausible."[5] It is not plausible that any reasonable person would understand Nestle's ads to mean that all a child needs is Juicy Juice. When a child's mother tells him to eat his broccoli because it is good for him, she is not misleading the child, even though eating only broccoli and nothing else would

---

[2]<u>Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.</u>, 107 Cal. App. 4th 1336, 1345 (2003).

[3]Emphasis added.

[4]<u>Williams v. Gerber Prod's Co.</u>, 552 F.3d 934, 939 (9th Cir. 2008).

[5]<u>Iqbal</u>, 556 U.S. at 678-79; <u>see also</u> <u>Twombly</u>, 550 U.S. at 555-57.

probably be bad for the child.  The majority's reading is contrary to the "common sense" and plausibility required by Twombly and Iqbal.[6]

Williams[7] does not support the majority.  In Williams, the manufacturer showed pictures of several different fruits along with the phrase "fruit juice," which "could likely deceive a reasonable consumer" into thinking that the fruits in the picture were also in the snack.[8]  Most were not, only one was.  Here Nestle says that the juice contains 16 milligrams of DHA, which the plaintiffs do not dispute.

---

[6] Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555-57.

[7] Williams, 552 F.3d 934.

[8] Id. at 939.